JOHN H. HODGES, Executor, etc., Respondent, v. CORNELIUS PERINE and others, Appellants.

*Police powers of the State — what is a valid exercise of them — Chapter* 190 *of* 1878.

Chapter 190 of 1878, making it a misdemeanor for any person to remove any sand, earth or clay from the beach on the south shore of Staten Island opposite and contiguous to the seaside boulevard, in the town of Southfield, from within twenty feet of ordinary high-water mark, so as in any manner to injure, undermine, encroach upon or endanger the said boulevard or the meadows adjacent thereto, or render the same liable to be overflowed or washed by the tide or water of the bay of New York, is constitutional and valid as against one in possession and having title to such beach, it having been passed by the legislature under and in pursuance of the police powers vested in it.

Appeal from an order made at Special Term continuing an injunction during the pendency of the action.

*Geo. J. Greenfield*, for the appellants.

*Everett P. Wheeler*, for the respondent.

Gilbert, J. :

By chapter 190 of the Laws of 1878, it is made a misdemeanor to remove any sand, earth or clay from the beach on the south shore of Staten Island opposite and contiguous to the seaside boulevard, in the town of Southfield, from within twenty feet of ordinary high-water mark, so as in any manner to injure, undermine, encroach upon or endanger said boulevard or the meadows adjacent thereto, or render the same liable to be overflowed or washed by the tide or waters of the bay of New York, and offenders against the act are liable to the punishment now provided by law for a misdemeanor, and in addition thereto to a penalty of $100 for every offense, to be recovered by the commissioners of highways of the town of Southfield. The gravamen of the complaint is that the plaintiff is in possession of this beach and has title thereto ; that such possession in the plaintiff and those whose estate he has, has been peaceful and uninterrupted for over 100 years ; that the sole value of the beach is in the right to dig sand there ; that the defendants interfere with this possession, and by threats of arrest and otherwise, prevent captains of vessels, to whom plaintiff has sold sand, from going there, and that they injure his business, and will, unless prevented by injunction, do him an irreparable injury. The injunction restrains the defendants from entering upon the plaintiff's premises or the beach in front or forming a part thereof, and from interfering in any manner with the plaintiff's use, occupation or enjoyment of said premises or said beach, and from threatening or intimidating any of the masters or crews of vessels removing or about to remove sand from said beach in the manner in which the plaintiff has heretofore caused the same to be removed, and from hindering or delaying any persons authorized by the plaintiff in procuring or removing sand from said beach in the plaintiff's possession, in the manner in which the same has heretofore been removed. The protection of the quiet and uninterrupted possession of land which has been possessed for a long period of years, against unauthorized disturbance and interruption, without due process of law, constitutes an unquestion-

able ground of equitable jurisdiction. The operation of the injunction in this case, however, is to arrest the enforcement of a penal statute and to obstruct a due execution of the criminal law.

I am not aware of any case in which a court of equity has interfered for such a purpose. The power of the legislature to pass the statute referred to seems to me to admit of no question. It is a simple exercise of the police power of the legislature, and not in any sense a taking or unlawful interference with the property of the plaintiff. The land below high-water mark belongs to the State.. The interest of the plaintiff therein is that of a riparian proprietor only. But assuming that the plaintiff has an absolute title to the beach, from which he has been accustomed to take sand, yet the power of the legislature to prevent the continuance of such use of his property rests upon the familiar maxim that every owner of land must so use his property as not to injure the public interests. (*Com.* v. *Tewksbury,* 11 Met., 55.) The obvious purpose of the legislature was to protect a public highway from encroachments of the sea, in consequence of removal of the natural barrier formed, in part at least, by the plaintiff's land, against such an encroachment, and the statute merely makes the removal of that barrier a criminal offense. All that the defendants have done, as appears by the papers before us, has been to warn persons against a violation of that statute, and to act in the criminal prosecution of offenders against the same, and to threaten similar prosecutions of other persons who were about to violate the statute. We think it is quite foreign to the jurisdiction of a court of equity to restrain such acts. It is only where the interference with private property is unauthorized, or without due process of law, that the court can rightfully interfere.

The order appealed from must be reversed, and an order must be entered dissolving the injunction, with ten dollars costs and disbursements.

BARNARD, P. J., and DYKMAN. J., concurred.

Order continuing injunction reversed, and injunction vacated, with ten dollars costs and disbursements.